RAY COUNTY SAVINGS BANK, Appellant, v. JAMES M. PORTERFIELD, Respondent.

Kansas City Court of Appeals, May 3, 1897.

1. Bills and Notes: PREMATURE ACTION: JURY. A note given in part payment of real estate was made to become due on a given date or when the payee gets possession of the entire tract. An action brought before he obtained such possession was premature, and whether he had possession is a question for the jury.

2. ———: ———: ESTOPPEL. The defendant in this action was not estopped to deny the possession of the land and, therefore, that the action on the note was premature, by the fact that he solicited the party to buy the note with a view of getting his assistance in securing possession.

*Appeal from the Ray Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

*J. W. Shotwell & Son* for appellant.

(1) The defendant is estopped from claiming the note in controversy not to be due, from the fact that he, himself, asked the purchaser of the note from Hauschild to purchase the said note, and gave as his reason at the time, that he wanted someone to help him get possession of a piece of land which Hauschild had previously leased to Fritz Kreitzman, and which was included in the land quitclaimed. The evidence showing that Shotwell, as his attorney, did assist him in obtaining possession of the Kreitzman land, and thereby inducing Shotwell to purchase said note and not notifying him at the time that there was a portion of the land claimed by him that he had never obtained

the possession of; and that he would not pay said note until he did obtain possession of all the lands described in the quitclaim deed to him; and upon the strength of that talk and understanding, Shotwell purchased said note and thereby changed his position in relation to said note; defendant is clearly estopped from denying that said note is not due on the fourth day of March, 1894, this conversation occurring before November, 1893. *Taylor v. Zepp*, 14 Mo. 482; *Bales v. Perry*, 51 Mo. 449; *Spurlock v. Sproule*, 72 Mo. 503; *Acton v. Dooley*, 74 Mo. 63; *Justice v. Town of Lancaster*, 20 Mo. App. 559; *Sav. Ass'n v. Kehlor*, 7 Mo. App. 158; *Pelkinton v. Ins. Co.*, 55 Mo. 172, and authorities there cited. (2) The judgment is clearly erroneous, because the only defense made by defendant to the action was that the note is not due and the judgment, if not reversed, is a complete estoppel from ever recovering upon the note, even though defendant afterward acquires possession of the Shipley land.

*J. R. Hamilton* for respondent.

(1) The defendant is not estopped from claiming the note in controversy not to be due from the fact that Shipley, a witness for defendant, denies that he was the tenant of defendant or his grantee, Hauschild, and states in his evidence that he purchased the land from one Bob Hurt; that he never paid any rent to Porterfield, his grantee Hauschild, nor other person; that he does not owe any rent to any person; that the constable came and served notice on him to vacate the land, and that said notice was ordered by Hauschild as grantee, after the sale to Porterfield, the defendant herein. (2) The questions of fact as to whether or not Hauschild or his assignee, the plaintiff herein, delivered the possession of all of the real estate in proof to de-

fendant, and whether or not Shipley would have given up possession of that part of the land occupied by him had it not been for the interference of defendant, were submitted to a jury and the same, found for defendant, is conclusive, final and binding on all parties to this controversy, and respondent contends that the judgment should be affirmed. *Price v. Evans*, 49 Mo. 396.

GILL, J.—In June, 1893, one Hauschild sold to defendant Porterfield certain land in Ray county. The conveyance was a quitclaim deed, and on its face recited the purchase price to be $500—$100 of which was in cash paid at the time, a span of mules valued at $200 Porterfield turned over to Hauschild, and for the balance of $200 defendant executed his note payable "on the first day of March, 1894, *or when I get possession of all the land for which this note is given.*" The deed made at the time also recites: "Second party (Porterfield) pays cash $100, a span of mules $200, and executes to first party his note for two hundred dollars payable March 1, 1894, *or when he gets possession of the entire tract.*" It seems that in November, 1893, Hauschild sold and assigned this $200 note to Shotwell, who then assigned the same to the plaintiff bank, which in May, 1895, sued the plaintiff thereon. The defense was that defendant had never gotten possession of all the lands, and hence the note by its terms was not due.

At the trial below there was a verdict and judgment for defendant, and plaintiff appealed.

An examination of the record fails to disclose any substantial reason for disturbing the judgment. The sole question is, whether or not the instrument sued on was due when the suit was brought. The evidence is without dispute that defendant had never

BILLS and notes: premature action: jury.

obtained possession of some twenty or twenty-five acres of the land; that it had

been all the time in possession of one Shipley, who refused to attorn to or recognize defendant as the owner. It is true there was some testimony tending to prove that Shipley retained the land, and held possession thereof, by and with the consent of the defendant; and on the other hand there was evidence to the contrary. But the trial judge told the jury that if they believed "that the witness Shipley was induced to and did remain in possession of the land by the permission of the defendant, then he is estopped from denying that the note sued on is not due," etc.

There is nothing in the contention that defendant is estopped to claim his right of possession of the entire land as described in the deed and note. That he said to Shotwell, before the latter bought the note, that he would like him (Shotwell) to buy the note so that he (the defendant) would thereby secure assistance in getting the land in Kreitzman's possession, was no assurance that he intended to waive any right to the land held by Shipley. Judgment affirmed. All concur.